UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WALTER RICE, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff(s), | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:19-cv-01563 SRC |
|  | ) |  |
| CITY OF FERGUSON, et al., | ) |  |
|  | ) |  |
| Defendant(s). | ) |  |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Eddie Boyd's Motion for Judgment on the Pleadings as to Counts V and VI [31] and Corrected Motion for Judgment on the Pleadings as to Counts V and VI [35]. The Court denies Motion [31] as moot and grants, in part, and denies, in part, Motion [35].

I.     BACKGROUND

On June 3, 2019, Plaintiffs Walter and Ritania Rice filed a complaint on behalf of themselves and their four children, R.R., E.R., W.R., and R.W., against Defendants City of Ferguson and Officer Eddie Boyd, III pursuant to 42 U.S.C. § 1983 and state tort claims alleging Defendants violated their constitutional rights when Boyd arrested Mr. and Mrs. Rice in front of their small children on June 3, 2014. In their Complaint, Plaintiffs assert six counts against Defendants: (1) Fourteenth Amendment violations, substantive due process – Mr. and Mrs. Rice against all Defendants; (2) First and Fourteenth Amendment violations – R.W. and Mr. and Mrs. Rice against Boyd; (3) Fourth and Fourteenth Amendment violations – all Plaintiffs against Boyd; (4) Municipal Liability – all Plaintiffs against Ferguson; (5) Conversion – Mrs. Rice against all Defendants; and (6) Negligent Infliction of Emotional Distress – all Plaintiffs against

1

all Defendants. Boyd now seeks judgment on Counts V and VI arguing the statute of limitations bars the claims.

## II. STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is reviewed "under the same standard used to address a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

## III. DISCUSSION

The parties agree that Missouri law governs Counts V and VI but dispute the applicable statute of limitations. Plaintiffs argue that the five-year limitation period of Missouri Revised Statute § 516.120 applies. Boyd asserts that § 516.130 shortens the limitation period from five years to three years. The Court does not recite the allegations in the Complaint because the parties do not dispute that the statutes of limitations begin to run on June 3 and 4, 2014. Plaintiffs filed the Complaint on June 3, 2019.

Section 516.100 states:

Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

Section 516.120 states:

Within five years,

(1) all actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;

(2) an action upon a liability created by a statute other than a penalty or forfeiture;

(3) an action for trespass on real estate;

(4) an action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated;

(5) an action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

Applying this statute, as Plaintiffs argue the Court should do, Counts V (conversion) and VI (negligent infliction of emotional distress), are not barred because Plaintiff filed the Complaint within five years of the dates of ascertainment, June 3 and 4, 2019. However, section 516.130, which Boyd argues the Court should apply, states:

Within three years,

(1) an action against a sheriff, coroner, or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise;

(2) an action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state;

(3) an action under section 290.300.

The argument between the parties focuses on the phrase "doing of an act in his official capacity." Boyd argues that he was acting in his official capacity during the events that occurred in the Complaint, thus the three-year statute of limitations applies. Plaintiffs assert that this statute applies only when the officer has been sued in his official capacity, and they have not sued Boyd in his official capacity here.

The plain language of the statute requires the Court to determine whether the suit seeks redress for "the **doing of an act** in [the officer's] official capacity and in virtue of his office[,]" not whether the plaintiff seeks to hold the officer personally liable for the doing of the act. Mo. Rev. Stat. § 516.130 (emphasis added); *see also Dilley v. Valentine*, 401 S.W.3d 544, 546 (Mo. Ct. App. 2013). In *Dilley*, the plaintiff sued a police officer and the city who employed him when a vehicle fleeing from an officer struck and injured her. 401 S.W.3d at 546. The plaintiff asserted the officer recklessly and negligently initiated and continued pursuit of the fleeing suspect. She sought to hold the officer personally liable and the city vicariously liable for the officer's actions. *Id*. The trial court granted summary judgment to the officer and city for lack of proximate cause; the appellate court held that the trial court erred in that regard. The appellate court then proceeded to analyze the officer's alternate statute-of-limitations argument that the claims against the officer involved the "doing of an act in his official capacity" so that rather than § 516.120, the three-year limitations period of § 516.130 barred the action. *Id*. at 553.

First, the appellate court held that "the phrase 'act in an official capacity' [in §516.130.1] means that a servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic." 401 S.W.3d at 553. The court further stated, "in its plain

4

and ordinary meaning, the phrase is used to delineate between an action performed for work purposes rather than for personal ones." *Id*. The court then analyzed the allegations in the petition, which stated that the officer was on duty and acting within the course and scope of his employment as a police officer. *Id*. The court also considered that the undisputed record showed that the officer was working as a police officer and was in pursuit of a fleeing suspect whom he had tried to stop after he observed several traffic violations. *Id*. Based on these allegations – which focus on the officer's actions, not the capacity in plaintiff sought to hold him liable – the court determined that the officer "was acting in his official capacity." *Id*.

In support of its holding, the Missouri appellate court in *Dilley* cited to *Kinder v. Missouri Department of Corrections*, 43 S.W.3d 369, 373 (Mo. Ct. App. 2001). *Id*. In *Kinder*, the court analyzed Missouri Revised Statute § 516.145, a statute of limitation with similar language to § 516.130. 43 S.W.3d at 372. Section 516.145 states,

> Within one year: all actions brought by an offender, as defined in § 217.010, against the department of corrections or any entity or division thereof, or any employee or former employee for an act in an official capacity, or by the omission of an official duty.

Mo. Rev. Stat. § 516.145. The *Kinder* court focused on the meaning of "an act in an official capacity[,]" and stated:

> The phrase 'act in an official capacity' means that a public servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic. In its plain and ordinary meaning, the phrase is used to delineate between an action performed for work purposes rather than for personal ones. In fact, other jurisdictions have recognized that a corrections officer is acting in an official capacity when transporting prisoners. Based on this interpretation, [the defendant] was acting in an official capacity when she was transporting [the plaintiff] and the other inmates in the van. Given the plain and ordinary meaning of the terms in § 516.145, it is clear that the statute applies to [the plaintiff's] personal injury claim.

*Id*. at 373. As in *Dilley*, the court in *Kinder* focused on the actions of the officer rather than the capacity in which the plaintiff sued her.

5

In this case, Plaintiffs allege "[a]ll actions of Defendant Boyd set forth in this Complaint were done under the color of law[,]" and that "[a]t all times, Defendant Boyd acted under color of state law." Doc. 1 ¶¶ 12, 144, 152. Plaintiffs further alleges that "Defendant Boyd drove by in his [Ferguson Police Department] vehicle," arrested Mr. and Mrs. Rice for alleged violations of the law, called for back-up, put them in his police vehicle, and took them to jail. *Id*. at ¶¶ 19, 32, 47, 51, 53. These allegations show that Boyd acted for work purposes rather than personal ones.

The Court recognizes that both this Court and our sister District have held that the statute applies only when the officer is sued in his official capacity. *See Gabriel v. Andrew Cty., Mo.*, No. 5:18-cv-06158-DGK, 2019 WL 3210086 at *2 (W.D. Mo. Jul. 16, 2019); *Nonn v. Curtis*, No. 1:16-cv-273 SNLJ, 2017 WL 5070530 at *2 (E.D. Mo. Nov. 3, 2017); *Doe v. Rainey*, No. 4:15-cv-01484 AGF, 2016 WL 2986398 at *3 (E.D. Mo. 2016); *Gaulden v. City of Desloge*, No. 4:07-cv-01637 ERW, 2009 WL 1035346 at *14 (E.D. Mo. 2009). These cases rely on a single Missouri Court of Appeals decision from 1991, *Miller County v. Groves*, 801 S.W.2d 777, 778-79 (Mo. Ct. App. 1991).[1]

In *Miller County*, Lloyd and Mary Groves deeded land owned by them to the State of Missouri, who then deeded the property to Miller County for the purpose of maintaining a public road. 801 S.W.2d at 778. Then, Lloyd Groves and Henry Bodine, two Commissioners of the Eldon Special Road District of Miller County, requested the Miller County Commission convey the property to the Groves. *Id*. The county commissioners then executed a deed conveying the property to the Groves. *Id*. The prosecuting attorney of Miller County and various Miller

---

[1] In *Gabriel*, the court cites to *Nonn*. *Gabriel*, 2019 WL 3210086 at *2. In *Nonn*, the court cites to *Rainey* and *Gaulden*. *Nonn*, 2017 WL 5070530 at *2. In *Rainey*, the court cites to *Gaulden*. *Rainey*, 2016 WL 2986398 at *3. And, finally, in *Gaulden*, the court cites to *Miller County v. Groves*, 801 S.W.2d 777, 778-79 (Mo. Ct. App. 1991). *Gaulden*, 2009 WL 1035346 at *14.

County Commissioners filed suit seeking to set aside the deed conveying the property to the Groves. *Id.*

In holding that § 516.130 did not apply, the Missouri Court of Appeals seemed to rest its holding on both the capacity in which plaintiffs sued Lloyd and on whether they alleged that Lloyd took actions for his personal, as opposed to work, purposes. 801 S.W.2d at 778-79 ("The record reflects that Lloyd Groves was sued as an individual. No relief was requested against Lloyd Groves in his capacity as a public official . . . the action was not upon a liability incurred by Lloyd Groves in his official capacity.") *Id.* at 779. The more recent case, *Dilley*, places no weight on the capacity in which the plaintiff sues the defendant but instead focuses exclusively on the actions of the defendant, i.e. whether the defendant was "acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic[,]" i.e. that the defendant was acting "for work purposes." 401 S.W.3d at 553. Because *Dilley* follows the plain language of the statute, the Court follows *Dilley*. *Snodgras v. Martin & Bayley, Inc.*, 204 S.W.3d 638, 640 (Mo. 2006) ("This Court follows the intent of the legislature as expressed by the plain language of the statute.").

For all of these reasons, the Court finds § 516.130 applies to bar Count V against Boyd, and Count VI against Boyd as brought by Mr. and Mrs. Rice. All plaintiffs bring Count VI. Missouri Revised Statute § 516.170 suspends the operation of §516.130 as to minors:

> Except as provided in section 516.105, if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or mentally incapacitated, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

Therefore, Count VI remains viable as to R.R., E.R., W.R., and R.W., who are all under the age of 21 as alleged in the Complaint.

Accordingly,

7

**IT IS HEREBY ORDERED** that Defendant Eddie Boyd's Motion for Judgment on the Pleadings as to Counts V and VI [31] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Corrected Motion for Judgment on the Pleadings as to Counts V and VI [35] is **GRANTED, in part** and **DENIED, in part**. The Court dismisses Count V in its entirety, and Count VI as to Mr. and Mrs. Rice. Count VI remains as to R.R., E.R., W.R., and R.W.

So Ordered this 12th day of February, 2020.

                                           **STEPHEN R. CLARK**
                                           **UNITED STATES DISTRICT JUDGE**